NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR BUSTAMANTE FLORES, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1908 <br><br> Agency No. A078-649-007 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2024**
Pasadena, California

Before: R. NELSON, VANDYKE, and SANCHEZ, Circuit Judges.

Salvador Bustamante Flores, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

Immigration Judge's (IJ) denial of his petition for withholding of removal.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review *de novo* the legal question whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020). We review the BIA's findings of fact for substantial evidence. *Id*. We deny the petition.[1]

Flores contends that the BIA erred in upholding the IJ's particular social group (PSG) determination because the IJ relied upon *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018) in doing so, which was in effect at the time of the IJ's decision but vacated at the time of the BIA's decision. *See Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021). However, the IJ relied on that decision for the limited purpose of narrowing the scope of the proposed PSG, which Flores concedes was proper. As the BIA correctly found, the IJ relied on the established three-prong analysis outlined in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014) to find Flores's proposed PSG non cognizable. We have previously upheld the *Matter of M-E-V-G-* framework as reasonable and entitled to *Chevron* deference. *See, e.g., Nguyen v. Barr*, 983 F.3d 1099, 1103 (9th Cir. 2020) (endorsing *Matter of M-E-V-*

---

[1] The IJ denied Flores's petitions for asylum and relief under the Convention Against Torture (CAT). Flores does not challenge the IJ's denial of asylum based on the one-year bar, and has waived any claim for relief under CAT by failing to challenge the IJ's CAT determination or the BIA's waiver finding in his opening brief. *See Alanniz v. Barr*, 924 F.3d 1061, 1069 n.8 (9th Cir. 2019); *see also Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).

*G-*, which "clarified the elements underlying the particular social group analysis"); *Reyes v. Lynch*, 842 F.3d 1125, 1135–36 (9th Cir. 2016); *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020). "[W]hen we review the particular social group determination in an individual case, we ask the legal question of whether the IJ or the Board reasonably applied the… *M-E-V-G-* standard in a manner consistent with precedent." *Nguyen*, 983 F.3d at 1103. Accordingly, the BIA did not err in upholding the IJ's PSG analysis.

We do not reach the question whether the agency's individualized PSG analysis itself was reasonable because Flores did not challenge the IJ's application of *Matter of M-E-V-G-* before the BIA, and the BIA properly found any such challenge waived. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (cleaned up), abrogated in part by *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023) (A "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question.")

Finally, Flores has forfeited his constitutional due process challenge by failing to raise it before the agency. *See Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002). Even if the argument had not been forfeited, Flores has failed to show prejudice as a result of any asserted due process violation. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice.")

(internal quotation marks omitted).

**PETITION DENIED.**